UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GARY A.,

     Plaintiff,                            Case No. 3:20-cv-246

vs.

COMMISSIONER OF SOCIAL SECURITY,      District Judge Michael J. Newman

     Defendant.

---

**ORDER: (1) GRANTING PLAINTIFF'S COUNSEL'S UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) (DOC. NO. 23); (2) AWARDING PLAINTIFF'S COUNSEL $16,491.02 IN ATTORNEY'S FEES; (3) ORDERING PLAINTIFF'S COUNSEL TO REFUND $4,423 IN EAJA FEES TO PLAINTIFF; AND (4) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

On April 27, 2021, the undersigned, at the parties' joint request, vacated the Administrative Law Judge's ("ALJ") non-disability finding and remanded this matter, under Sentence Four of 42 U.S.C. § 405(g) for further proceedings. Doc. No. 19. The Court subsequently granted the parties' joint motion for Equal Access to Justice Act ("EAJA") attorney's fees in the amount of $4,423. Doc. No. 22. Plaintiff's counsel now moves for $16,491.02 in attorney's fees pursuant to 42 U.S.C. § 406(b). Doc. No. 23. The Commissioner does not dispute the reasonableness of the request. *Id.*

**I.**

Congress authorized courts to award attorney's fees for successful prosecutions of Social Security disability appeals. 42 U.S.C. §§ 406(b)(1), 1383(d)(2). A fee award in this context is subject to two limitations. The award must not exceed 25% of the past-due benefits owed to the claimant following appeal. 42 U.S.C. § 406(b)(1)(A). The fee must also be reasonable considering the services rendered, even if the award is less than the 25% cap. *Gisbrecht v. Barnhard*, 535 U.S. 789, 807 (2002).

The Social Security Act "does not displace contingen[cy]-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*  A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989).  A reduction of a contingency fee award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.*  Such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 981–82 (6th Cir. 1990).

As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee].  In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded.  Contingent fees generally overcompensate in some cases and undercompensate in others.  It is the nature of the beast.

*Id.*  "A hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

Counsel seeks $16,491.02 of the funds withheld from Plaintiff's past-due benefits.  Doc. No. 23 at PageID 5542.  He calculates that, given the 29.40 hours worked by him and members of his law firm, his hypothetical hourly rate is $560.91.  *Id.*  Counsel also points out that subtracting the previously awarded EAJA fees ($4,423) reduces Plaintiff's out-of-pocket fee to $12,068.02 or an hourly rate of $410.48.  *Id.* at PageID 544–45.

2

Counsel's hypothetical billing rate fits comfortably within the range of fees judges in this district have found reasonable. *See, e.g.*, *Hensley v. Comm'r of Soc. Sec. Admin.*, No. 3:18-cv-223, 2021 WL 117911, at *2 (S.D. Ohio Jan. 13, 2021) (collecting cases where hypothetical rates of $714.29 to $750 were considered reasonable). The time devoted by counsel to this matter is likewise reasonable. *See, e.g.*, *Spiller v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 647, 652 (S.D. Ohio 2013) ("Without establishing a firm, bright line rule, the Court surveyed a large number of EAJA fees/costs petitions recently filed in this District and found the general range of time expended on these cases is 15–25 hours"). Counsel's requested fee is therefore reasonable.

## II.

For the foregoing reasons, the Court: (1) **GRANTS** Plaintiff's counsel's unopposed motion (Doc. No. 23); (2) **AWARDS** him $16,491.02 in attorney's fees; (3) **ORDERS** Plaintiff's counsel to refund $4,423 in EAJA fees to Plaintiff; and (4) **TERMINATING** this case on the docket.

**IT IS SO ORDERED.**

Date:   July 8, 2022                          s/Michael J. Newman
                                              Hon. Michael J. Newman
                                              United States District Judge

3